UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BEN SMITH as the Personal Representative for the ESTATE OF MATTHEW S. SMITH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PIERCE COUNTY, et al., <br><br> Defendants. | CASE NO. C16-5667 BHS <br><br> ORDER GRANTING MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs the Estate of Matthew Smith, Ben Smith, and Nona Smith's ("Plaintiffs") motion to compel (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

On July 29, 2016, Plaintiff filed a complaint against Defendant Pierce County ("County"), NaphCare, Inc. ("NaphCare"), Nandi Brumidge, and Tae Kim asserting numerous claims, including a claim against NaphCare for violation of Plaintiffs' Fourteenth Amendment rights. Dkt. 1. The claims are based on the death of Matthew

Smith who died as a pretrial detainee in the County's custody and under the medical care of NaphCare. *Id*.

Relevant to the instant motion, NaphCare conducted a mortality review approximately two weeks after Matthew Smith passed. NaphCare's employee, Dr. Emily Feely, led the review and NaphCare has produced the minutes of the review committee's meeting. NaphCare, however, has objected to Plaintiffs' request to depose Dr. Feely.

On October 5, 2017, Plaintiffs filed a motion to compel the deposition. Dkt. 36. On October 12, 2017, NaphCare responded. Dkt. 39. On October 19, 2017, Plaintiffs replied. Dkt. 42.

## II.     DISCUSSION

NaphCare objects to the deposition because Dr. Feely's testimony is irrelevant, the content is protected, and Plaintiffs should not decide which NaphCare employee may be deposed. Dkt. 39. NaphCare's objections are without merit. Dr. Feely's testimony may be relevant to the circumstances surrounding Matthew Smith's death. Binding Ninth Circuit precedent holds that mortality reviews are not privileged. *Agster v. Maricopa Cty.*, 422 F.3d 836, 839 (9th Cir. 2005). Finally, there is no precedent for the position that Plaintiffs are only entitled to depose the person most knowledgeable with the mortality review. Even if this were true, NaphCare has failed to show that Dr. Feely, the individual who led the mortality review, is not the person most knowledgeable with the review. Therefore, the Court concludes that NaphCare shall produce Dr. Feely for a deposition.

The Court finds that fees are not warranted.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to compel (Dkt. 36) is **GRANTED**.

Dated this 9th day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge